UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY J. AUSTIN,<br><br>Plaintiff,<br><br>v.<br><br>GRAHAM TAYLOR, et al.,<br><br>Defendants. | Case No. 15-cv-00162-JSC<br><br>**ORDER RE: PLAINTIFF'S MOTION FOR A STAY OR FURTHER EXTENSION OF TIME TO SERVE THE FIRST AMENDED COMPLAINT**<br><br>Re: Dkt. No. 37 |

Although Plaintiff Larry Austin filed this civil action over a year ago, he has yet to serve the Defendants despite being granted five extensions of time to do so. Plaintiff now seeks a stay of this action due to bankruptcy or a further 90 days to serve the complaint. For the reasons explained below, Plaintiffs motion is DENIED in part and GRANTED in part. While the Court is sympathetic to Mr. Austin's health situation, this action cannot remain in perpetual limbo as it has for the past year.

**DISCUSSION**

Plaintiff, Mr. Austin, joined by corporate plaintiffs Furama Los Angeles, Inc., and Dragon Charm, initially filed this action on January 12, 2015 alleging claims of breach of contract, legal malpractice, fraud, and civil conspiracy. (Dkt. No. 1.) Plaintiffs made no attempt to serve the complaint after filing and instead sought a stay of the action or an extension of the time for service so that allegedly related proceedings in New York State Court, the District Court for the Eastern District of Virginia, and the United States Tax Court could sort themselves out. (Dkt. No. 6.) The Court granted Plaintiffs a 90-day extension of time to serve the complaint. (Dkt. No. 10.)

At the expiration of this first extension, Plaintiffs again moved for an extension which the Court granted. (Dkt. Nos. 11 & 12.) Plaintiffs then sought a further six month extension of time

for service and indicated that they intended to file a First Amended Complaint. (Dkt. No. 13.) The Court declined to grant such a prolonged extension, and instead, ordered Plaintiffs to file and serve the First Amended Complaint a month later—by October 13, 2015. (Dkt. No. 15.) Predictably, on that date, Plaintiffs moved for yet another extension of time seeking an additional 30-day extension of time to file the First Amended Complaint and a 15-day extension beyond that for service. (Dkt. No. 16.) The Court granted the request for a further extension in part giving Plaintiffs 20 days to file the amended complaint and 15 days thereafter to serve it. (Dkt. No. 17.)

Again on the deadline, Plaintiffs sought a 60-day extension of time to amend and 15 day extension of time to serve. (Dkt. No. 19.) Plaintiffs' counsel James Braden simultaneously sought to withdraw as counsel such that Plaintiff Mr. Austin, an attorney himself, would proceed pro se. (Dkt.No. 18.) Because there were two additional corporate plaintiffs at that time, and a corporation cannot represent itself, the Court denied Mr. Braden's motion to withdraw as counsel. (Dkt. No. 20.) Plaintiffs thereafter obtained new pro hac vice counsel for the corporate plaintiffs, and Mr. Braden was granted leave to withdraw as counsel for Mr. Austin, but remained as local counsel for the corporate plaintiffs. (Dkt. Nos. 24 & 25.) The Court also granted a fourth extension of time for Plaintiffs to amend and serve the complaint. (Dkt. No. 29.)

Plaintiff Austin thereafter filed his First Amended Complaint omitting any claims by the corporate plaintiffs, such that the action proceeds only on behalf of Mr. Austin. (Dkt. No. 31.) Three days later, Plaintiff sought leave to file a Second Amended Complaint because he had been rushed in completing his First Amended Complaint due to health issues and limited resources. (Dkt. No. 32.) The Court granted him a nearly month-long extension of time to amend and two-week extension thereafter to serve. (Dkt. No. 34.) Plaintiff also sought permission for electronic case filing, which the Court granted. (Dkt. No. 33.) Plaintiff thereafter failed to file an amended complaint and on the deadline for service filed the underlying motion to stay all proceedings or alternatively for a further 90-day extension of time to serve his complaint. (Dkt. No. 37.)

In his motion, Plaintiff details his health problems and his filing of a personal Chapter 7 bankruptcy action on February 1, 2016. (Dkt. No. 37.) As Plaintiff notes, the automatic stay provision of 11 U.S.C. § 362 does not apply to civil proceedings brought by the debtor. *In re*

*Miller*, 397 F.3d 726, 729 (9th Cir. 2005) ("[t]he automatic stay is applicable only to proceedings against the debtor."). There is thus no basis to stay the action based on Plaintiff's filing of a voluntary bankruptcy petition and the Court declines to do so.

Federal Rule of Civil Procedure 4(m) states that a defendant "must" be served 90 days after the complaint is filed and that if a defendant is not so served "the court—on motion or on its own after notice to the plaintiff – *must* dismiss the action without prejudice against that defendant or order that service be made within a specified time." *Id*. (emphasis added). However, "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id*. The Court here has granted five extensions of time resulting in a nearly nine-month delay in service on the Defendants.[1] Plaintiff seeks a further extension of time based on his on-going serious medical issues. Plaintiff states that his medical issues make it "inconceivable" that he could "do any work to attend to service of process of [his] FAC." (Dkt. No. 37 at 2.) While the Court has no reason to doubt the severity of Plaintiff's medical conditions, the Court is not convinced that they render him unable to serve the complaint.

As an initial matter, it is unclear why it is more difficult for Plaintiff to serve the complaint, which should only require hiring a process server, than it is to file repeatedly lengthy requests for an extension with the Court. All the Court is directing is service, not that Mr. Austin litigate the case, just that he provide Defendants with service of the civil complaint he filed against them over a year ago.

Second, the Court is puzzled by Mr. Braden's continued involvement in this case. Although Mr. Braden was terminated as counsel for record for Mr. Austin back in November when Mr. Austin was granted leave to proceed pro se, Mr. Braden has continued to electronically file pleadings on Mr. Austin's behalf. (Dkt. Nos. 30, 31, 32.) Indeed, even after the Court granted Mr. Austin leave to electronically file documents himself, Mr. Braden has continued to file documents on Mr. Austin's behalf. (Dkt. Nos. 36 & 37.) If Mr. Braden is still facilitating matters for Mr. Austin and acting as standby counsel as it were, why is he not able to facilitate arranging

---

[1] Rule 4(m) was amended on December 1, 2015 to require service within 90 days rather than the 120 days required at the time Plaintiff filed suit.

service of process for Mr. Austin?

The Court's discretion to extend the time for service is not limitless. *Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007). "Rule 4(m) provides two avenues for relief. The first is mandatory: the district court must extend time for service upon a showing of good cause. The second is discretionary: if good cause is not established, the district court may extend time for service upon a showing of excusable neglect." *Lemoge v. United States*, 587 F.3d 1188, 1198 (9th Cir. 2009) (internal citation omitted). In considering a discretionary extension the court should consider factors "like a statute of limitations bar, prejudice to the defendant, actual notice of a lawsuit, and eventual service." *Efaw*, 473 F.3d at 1041 (internal citation and quotation marks omitted). The Court is not convinced as to the adequacy of Plaintiff's showing under either prong; however, the Court will again extend the time for service by 30 days given Plaintiff's apparent immediate health crisis.

Accordingly, Plaintiff shall file proof of service of the summons and complaint by March 7, 2016. If Plaintiff fails to do so and instead seeks an additional extension of time, Plaintiff's filing must (1) specify the good cause in support of his request for a further extension, and (2) address the Court's questions as to why he cannot simply hire a process server to effectuate service, and why Mr. Braden should not assist Mr. Austin in doing so given his continual involvement in this action. Alternatively, if Plaintiff contends that there would be a statute of limitations bar to filing a subsequent action were the Court to dismiss under Rule 4(m), Plaintiff shall explain the basis for this argument and shall also file a declaration attesting as to whether he or Mr. Braden has notified Defendants of the pendency of this action as required by the Court at the April 13, 2015 case management conference.

**IT IS SO ORDERED.**

Dated: February 4, 2016

JACQUELINE SCOTT CORLEY
United States Magistrate Judge