UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

LARRY J. AUSTIN,

        Plaintiff,

    v.

GRAHAM TAYLOR, et al.,

        Defendants.

Case No.  15-cv-00162-JSC

**ORDER GRANTING PLAINTIFF UNTIL APRIL 4, 2016 TO FILE PROOF OF SERVICE OF THE SUMMONS AND COMPLAINT**

Although Plaintiff Larry Austin filed this civil action over one year ago, he has yet to serve Defendants despite being granted six extensions of time to do so.  Plaintiff now renews his request for a stay of this action due to his own bankruptcy or for a further 90 days to serve the complaint. (Dkt. No. 40.)  For the reasons explained below, Plaintiff's motion is DENIED in part and GRANTED insofar as Plaintiff is granted until April 4, 2016 to file proof of service of the summons and first amended complaint.

## BACKGROUND

Plaintiff, Mr. Austin, joined by corporate plaintiffs Furama Los Angeles, Inc., and Dragon Charm, initially filed this action on January 12, 2015 alleging claims of breach of contract, legal malpractice, fraud, and civil conspiracy.  (Dkt. No. 1.)  Plaintiffs made no attempt to serve the complaint after filing and instead sought a stay of the action or an extension of the time for service so that allegedly related proceedings in New York State Court, the District Court for the Eastern District of Virginia, and the United States Tax Court could sort themselves out.  (Dkt. No. 6.)  The Court granted Plaintiffs a 90-day extension of time to serve the complaint provided Plaintiffs provide notice of the lawsuit to Defendants.  (Dkt. Nos. 9 & 10.)

At the expiration of this first extension, Plaintiffs again moved for an extension which the

United States District Court
Northern District of California

United States District Court
Northern District of California

1    Court granted.  (Dkt. Nos. 11 & 12.)  Plaintiffs then sought a further six month extension of time

2    for service and indicated that they intended to file a First Amended Complaint.  (Dkt. No. 13.)

3    The Court declined to grant such a prolonged extension, and instead, ordered Plaintiffs to file and

4    serve the First Amended Complaint a month later—by October 13, 2015.  (Dkt. No. 15.)

5    Predictably, on that date, Plaintiffs moved for yet another extension of time seeking an additional

6    30-day extension of time to file the First Amended Complaint and a 15-day extension beyond that

7    for service.  (Dkt. No. 16.)  The Court granted the request for a further extension in part giving

8    Plaintiffs 20 days to file the amended complaint and 15 days thereafter to serve it.  (Dkt. No. 17.)

9    Again on the deadline, Plaintiffs sought a 60-day extension of time to amend and 15 day

10   extension of time to serve.  (Dkt. No. 19.)  Plaintiffs' counsel James Braden simultaneously

11   sought to withdraw as counsel such that Plaintiff Mr. Austin, an attorney himself, would proceed

12   pro se.[1]  (Dkt.No. 18.)  Because there were two additional corporate plaintiffs at that time, and a

13   corporation cannot represent itself, the Court denied Mr. Braden's motion to withdraw as counsel.

14   (Dkt. No. 20.)  Plaintiffs thereafter obtained new pro hac vice counsel for the corporate plaintiffs,

15   and Mr. Braden was granted leave to withdraw as counsel for Mr. Austin, but remained as local

16   counsel for the corporate plaintiffs.  (Dkt. Nos. 24 & 25.)  The Court also granted a fourth

17   extension of time for Plaintiffs to amend and serve the complaint.  (Dkt. No. 29.)

18   Plaintiff Austin thereafter filed his First Amended Complaint omitting any claims by the

19   corporate plaintiffs, such that the action proceeds only on behalf of Mr. Austin.  (Dkt. No. 31.)

20   Three days later, Plaintiff sought leave to file a Second Amended Complaint because he had been

21   rushed in completing his First Amended Complaint due to health issues and limited resources.

22   (Dkt. No. 32.)  The Court granted him a nearly month-long extension of time to amend and two-

23   week extension thereafter to serve.  (Dkt. No. 34.)  Plaintiff also sought permission for electronic

24   case filing, which the Court granted.  (Dkt. No. 33.)

25   Plaintiff thereafter failed to file an amended complaint and on the deadline for service filed

26   a motion seeking a stay based his recent filing of a Chapter 7 bankruptcy action on February 1,

27

28   [1] Notably, Mr. Braden's motion to withdraw made no reference to Plaintiff's significant medical issues which according to Plaintiff's subsequent filings have been going on for quite some time.

1    2016 or alternatively seeking a further 90-day extension of time to serve his complaint.  (Dkt. No.

2    37.)  The Court denied the motion for stay based on Plaintiff's voluntary bankruptcy petition

3    because the automatic stay provision of 11 U.S.C. § 362 does not apply to civil proceedings

4    brought by the debtor.  *See In re Miller*, 397 F.3d 726, 729 (9th Cir. 2005) ("[t]he automatic stay

5    is applicable only to proceedings against the debtor.")  The Court granted Plaintiff's request for

6    yet another extension giving him until March 7, 2016 to file proof of service of the summons and

7    complaint.  (Dkt. No. 38.)  The Order advised Plaintiff that if he sought an additional extension of

8    time to file proof of service of the summons and complaint his filing must do the following:

> (1) specify the good cause in support of his request for a further extension, and (2) address the Court's questions as to why he cannot simply hire a process server to effectuate service, and why Mr. Braden should not assist Mr. Austin in doing so given his continual involvement in this action.  Alternatively, if Plaintiff contends that there would be a statute of limitations bar to filing a subsequent action were the Court to dismiss under Rule 4(m), Plaintiff shall explain the basis for this argument and shall also file a declaration attesting as to whether he or Mr. Braden has notified Defendants of the pendency of this action as required by the Court at the April 1[6], 2015 case management conference.

15   (*Id*. at 4.)

16       Again on the deadline for service, Plaintiff filed a motion for an extension of time to

17   respond to the Court's order, and two days later, on March 9, 2016, Plaintiff renewed his motion

18   for a stay based on his bankruptcy or alternatively, for a further 90-day extension.  (Dkt. No. 40.)

19   Plaintiff again details his significant health problems and his depleted financial means which he

20   contends have rendered it impossible for him to serve the complaint.   Plaintiff also contends that a

21   stay is appropriate so that the yet-to-be-determined Trustee in Plaintiff's bankruptcy action can

22   make a determination as to whether to continue with this case as it is one of the primary assets of

23   Plaintiff's estate.  (*Id*. at 7-8.)   A day later, Plaintiff's former counsel James Braden emailed the

24   Court stating that he received a wire transfer of $2,000 from Plaintiff last week and is "proceeding

25   to hire process servers who can accomplish service on all defendants."  (Dkt. No. 42.)

26       On March 10, 2016, Plaintiff failed to appear for the scheduled Case Management

27   Conference.  (Dkt. No. 41.)

28

United States District Court
Northern District of California

**LEGAL STANDARD**

Federal Rule of Civil Procedure 4(m) states that a defendant "must" be served 90 days after the complaint is filed and that if a defendant is not so served "the court—on motion or on its own after notice to the plaintiff – *must* dismiss the action without prejudice against that defendant or order that service be made within a specified time." *Id.* (emphasis added). However, "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id*. A court's discretion to extend the time for service is not limitless. *Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007). "Rule 4(m) provides two avenues for relief. The first is mandatory: the district court must extend time for service upon a showing of good cause. The second is discretionary: if good cause is not established, the district court may extend time for service upon a showing of excusable neglect." *Lemoge v. United States*, 587 F.3d 1188, 1198 (9th Cir. 2009) (internal citation omitted). In considering a discretionary extension the court should consider factors "like a statute of limitations bar, prejudice to the defendant, actual notice of a lawsuit, and eventual service." *Efaw*, 473 F.3d at 1041 (internal citation and quotation marks omitted).

**DISCUSSION**

Plaintiff seeks a seventh extension of time for service based on (1) his voluntary Chapter 7 bankruptcy petition, or (2) alternatively, based on his health and financial issues. However, Plaintiff's bankruptcy action was dismissed on March 9, 2016. *See In re: Larry James Austin*, No. 16-10369–RGM, Dkt. No. 30 (E.D. Va. Mar. 9, 2016). Plaintiff's request to stay this action in light of his bankruptcy action is therefore moot.

Turning to Plaintiff's request for a further 90-extension of time for service due to his health and financial problems, it is unclear whether Plaintiff contends that these issues constitute good cause under Rule 4(m) or whether they are a basis for discretionary relief under the excusable neglect standard. The Court's prior order raised this same concern, but Plaintiff's renewed motion does not shed any light on this matter. Nor does it address whether there are any statute of limitations issues, or whether Mr. Braden or Plaintiff in fact provided notice of this lawsuit to Defendants as the Court required at the April 16, 2015 case management conference. Instead,

with respect to notice, Plaintiff states that "as [the] headline story [regarding the filing of this lawsuit] was featured on the front page of many legal publications in New York and elsewhere, it is difficult to believe Defendants have not received informal notice of this case." (Dkt. No. 40 at 5.)  The Court is troubled both by Plaintiff's apparent contention that this is adequate notice and by the fact that Mr. Braden apparently did not provide Defendants with notice of the lawsuit nearly a year ago despite being ordered to do so.  The Court is also troubled that although Plaintiff is proceeding pro se and was granted leave to electronically file things on his own behalf, both Mr. Braden and Mr. Williams continue to file things on his behalf.  Indeed, Plaintiff apparently forwarded Mr. Braden the funds to hire a process server and Mr. Braden is responsible for effectuating service of the summons and complaint.

Based on Mr. Braden's representation as an officer of the Court that he has received the $2,000 from Plaintiff and has begun to hire process servers to effectuate service of the complaint, the Court will grant Plaintiff a brief seventh and final extension of time for service.  **Plaintiff shall file proof of service of the summons and complaint by April 4, 2016.  Plaintiff is warned that no further extensions shall be granted and that the case will be dismissed without prejudice as to each defendant for whom no proof of service is filed by that deadline.**

**IT IS SO ORDERED.**

Dated: March 15, 2016

JACQUELINE SCOTT CORLEY
United States Magistrate Judge

United States District Court
Northern District of California