Michael M. Mustokoff (*pro hac vice*)
Jonathan L. Swichar (*pro hac vice*)
Evan Michailidis (*pro hac vice*)
**DUANE MORRIS LLP**
30 South 17th Street
Philadelphia, PA 19103-4196
Telephone: 215.979.1000
Fax: 215.979.1020
Email: mmustokoff@duanemorris.com
jlswichar@duanemorris.com
emichailidis@duanemorris.com

Brian A. Kelly (SBN 124738)
**DUANE MORRIS LLP**
One Market, Spear Tower, Suite 2200
San Francisco, CA 94105-1127
Telephone: 415.957.3000
Fax: 415.957.3001
Email: bakelly@duanemorris.com

Attorneys for Defendant
IRA AKSELRAD, ESQ.

# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA (SAN FRANCISCO)

| | |
|---|---|
| LARRY AUSTIN<br><br>Plaintiff,<br><br>VS.<br><br>GRAHAM TAYLOR, ESQ.; DEWEY LEBOEUF LIQUIDATING TRUST; DEUTSCHE BANK AG; IRA AKSELRAD, ESQ.; PROSKAUER ROSE LLC; R.J. RUBLE, ESQ.; AND SIDLEY AUSTIN BROWN & WOOD LLC<br><br>Defendants. | Case No.:  3:15-CV-00162-VC<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT IRA AKSELRAD'S MOTION TO DISMISS THE FIRST AMENDED COMPLAINT**<br><br>Date:       September 22, 2016<br>Time:       10 a.m.<br>Location:  Courtroom 4, 17th Floor<br>              United States District Court<br>              450 Golden Gate Avenue<br>              San Francisco, CA 94102<br>Judge:     Hon. Vince Chhabria |

# **TABLE OF CONTENTS**

**Page**

I.    PRELIMINARY STATEMENT .................................................................................2

II.   PERTINENT PROCEDURAL HISTORY ..............................................................2

III.  PERTINENT FACTUAL BACKGROUND ...........................................................4

IV.   LEGAL ARGUMENT ..............................................................................................5

    A.   Collateral Estoppel Requires the Dismissal of Plaintiff's Untimely Claims ......... 5

        1.   The Issues Here Are Identical To Those Previously Litigated In
            The New York And Virginia Actions ...............................................................6

        2.   The Accrual Date of Plaintiff's Claims Was Already Litigated In
            The New York and Virginia Actions ...............................................................6

        3.   The Accrual Date of Plaintiff's Claims Was Decided In The New
            York and Virginia Actions ...............................................................................7

        4.   The Decisions In The New York and Virginia Actions Were Final
            And On The Merits ...........................................................................................7

        5.   Austin Was A Plaintiff In The New York and Virginia Actions .................8

        6.   Dismissal of this Action Is Consistent With Public Policy Interests ...........8

    B.   Res Judicata Prohibits Plaintiff From Litigating Claims That Were
        Previously Litigated In the New York And Virginia Actions ................................. 8

        1.   This Action Involves The Same Issues That Were Previously
            Litigated in New York and Virginia ...............................................................8

        2.   The New York and Virginia Actions Resulted In Final Judgments
            On the Merits ....................................................................................................9

        3.   There Is Privity Between Akselrad and the Parties .....................................9

    C.   Mr. Akselrad Should Be Dismissed From This Action Because This Court
        Lacks Personal Jurisdiction Over Him ................................................................. 10

    D.   All Causes of Action Deserve Dismissal ............................................................. 11

        1.   Plaintiff's Claims Are Untimely ....................................................................11

        2.   Plaintiff's RICO Claim Is Legally Insufficient Because It Fails To
            Allege A Pattern of Racketeering Activity Or The Existence of An
            Enterprise .......................................................................................................12

        3.   Plaintiff's Fraud Claim Is Duplicative of His Malpractice Claim
            and Is Not Alleged With Requisite Particularity .......................................14

        4.   Plaintiff Fails to Allege A Valid Breach of Warranty Claim....................15

V.    CONCLUSION.......................................................................................................15

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Allwaste, Inc. v. Hecht*
    65 F.3d 1523 (9th Cir. 1995) ....................................................................................13

*Amedee v. CitiMortgage, Inc.*
    No. 15-cv-03356-HSG, 2016 U.S. Dist. LEXIS 35548 (N.D. Cal. Mar. 18, 2016) ....................9

*Border Business Park, Inc. v. City of San Diego*
    142 Cal. App. 4th 1538, 49 Cal. Rptr. 3d 259 (2006)....................................................6

*Boyle v. U.S.*
    556 U.S. 938 (2009)......................................................................................13

*Burdette v. Carrier Corp.*
    158 Cal. App. 4th 1668, 71 Cal. Rptr. 3d 185 (2008)....................................................7

*California Physicians' Service v. Aoki Diabetes Research Institute*
    163 Cal. App. 4th 1506, 78 Cal. Rptr. 3d 646 (2008)....................................................8

*Cardinal Health 301, Inc. v. Tyco Electronics Corp.*
    169 Cal. App. 4th 116, 87 Cal. Rptr. 3d 5 (2008).......................................................11

*Castillo v. City of Los Angeles*
    92 Cal. App. 4th 477, 111 Cal. Rptr. 2d 870 (2001)....................................................6

*Davies v. Krasna*
    14 Cal. 3d 502, 121 Cal. Rptr. 705, 535 P.2d 1161 (1975) ..........................................11

*Doe v. Am. Nat'l Red Cross*
    112 F.3d 1048 (9th Cir. 1997) ....................................................................................10

*Fireman's Fund Ins. Co. v. Nat'l Bank of Cooperatives*
    103 F.3d 888 (9th Cir. 1996) ......................................................................................10

*Grimmett v. Brown*
    75 F.3d 506 (9th Cir. 1996) ........................................................................................11

*H.J. Inc. v. Northwestern Bell Tel. Co.*
    492 U.S. 229 (1989).....................................................................................................13

*Hills Trans. Co. v. Southwest Forest Indus., Inc.*
    266 Cal. App. 2d 702, 72 Cal. Rptr. 441 (1968).........................................................14

*In re Infonet Servs. Corp. Secs. Litig.*
    310 F. Supp. 2d 1106 (C.D. Cal. 2003) .....................................................................12

ii

*Int'l Shoe Co. v. State of Washington, Office of Unemployment Comp. & Placement*
   326 U.S. 310 (1945)...................................................................................................10

*Jackson v. Rogers & Wells*
   210 Cal. App. 3d 336, 258 Cal. Rptr. 454 (1989).......................................................14

*Keating-Traynor v. AC Square, Inc.*
   C08-02907-MHP, 2008 U.S. Dist. LEXIS 64687 (N.D. Cal. Aug. 22, 2008), *aff'd*, 343 F.
   App'x 214 (9th Cir. 2009) ...........................................................................................12

*Kline v. Turner*
   87 Cal. App. 4th 1369, 105 Cal. Rptr. 2d 699 (2001).................................................11

*Lazar v. Superior Court*
   12 Cal. 4th 631, 49 Cal. Rptr. 2d 377, 909 P.2d 981 (1996) ......................................14

*Lucido v. Superior Court*
   51 Cal. 3d 335, 272 Cal. Rptr. 767, 795 P.2d 1223 (1990) ......................................5-7

*McClain v. Rush*
   216 Cal. App. 3d 18, 264 Cal. Rptr. 563 (1989)...........................................................7

*Mooney v. Caspari*
   138 Cal. App. 4th 704, 41 Cal. Rptr. 3d 728 (2006).....................................................7

*Negrete v. Allianz Life Ins. Co. of North Am.*
   926 F. Supp. 2d 1143 (C.D. Cal. 2013) ......................................................................13

*Odom v. Microsoft Corp.*
   486 F.3d 541 (9th Cir. 2007) ......................................................................................12

*Pacific Lumber Co. v. State Water Resources Control Bd.*
   37 Cal. 4th 921, 38 Cal. Rptr. 3d 220, 126 P.3d 1040 (2006) ......................................5

*People v. Sims*
   32 Cal. 3d 468, 186 Cal. Rptr. 77, 651 P.2d 321 (1982) ..............................................6

*Plaut v. Spendthrift Farm, Inc.*
   514 U.S. 211 (1995).......................................................................................................9

*Religious Tech. Ctr. v. Wollerschein*
   971 F.2d 364, 366-67 (9th Cir. 1992) .........................................................................13

*Samuels v. Mix*
   22 Cal. 4th 1, 91 Cal. Rptr. 2d 273, 989 P.2d 701 (1999) .........................................11

*Sandoval v. Superior Court*
   140 Cal. App. 3d 932, 936, 190 Cal. Rptr. 29, 31-32 (1983) .......................................7

iii

*Schwarzenegger v. Fred Martin Motor Co.*
   374 F.3d 797 (9th Cir. 2004) ...................................................................10

*Sedima, S.P.R.L. v. Imrex Co.*
   473 U.S. 479 (1985)...............................................................................12

*Shaw v. Hahn*
   56 F.3d 1128 (9th Cir. 1995) ....................................................................9

*Slater v. Blackwood*
   15 Cal. 3d 791, 126 Cal. Rptr. 225, 543 P.2d 593 (1975) ........................14

*Southland Mech. Constructors Corp. v. Nixen*
   119 Cal. App. 3d 417, 173 Cal. Rptr. 917 (1981)....................................14

*Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*
   322 F.3d 1064 (9th Cir. 2003) ...............................................................8-9

*U.S. v. Schimmels (In re Schimmels)*
   127 F.3d 875 (9th Cir. 1997) ....................................................................9

*Walter v. Drayson*
   538 F.3d 1244 (9th Cir. 2008) .................................................................12

*Westfield-Thornton v. Ramprate, Inc.*
   CV 14-4769 PA, 2014 U.S. Dist. LEXIS 115778 (C.D. Cal. Aug. 18, 2014)...........................13

*Williams v. Beechnut Nutrition Corp.*
   185 Cal. App. 3d 135, 229 Cal. Rptr. 605 (1986).....................................15

**Statutes**

18 U.S.C. § 1961(4) ......................................................................................13

18 U.S.C. § 1961(5) ......................................................................................12

18 U.S.C. § 1962(c) ......................................................................................12

Cal. Bus. & Prof. Code § 17208 ...................................................................11

Cal. Bus. & Prof. Code § 17500 ...................................................................11

Cal. Civ. Code § 1783 ..................................................................................11

Cal. Civ. Proc. Code § 338 ..........................................................................11

California Consumer Protection Act...............................................................11

1

**Other Authorities**

2

Fed. R. Civ. P. 9(b) ................................................................................................................14

3

Fed. R. Civ. P. 12(b)(2)............................................................................................................1

4

Fed. R. Civ. P. 12(b)(6)............................................................................................................1

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT IRA AKSELRAD'S MOTION TO DISMISS                    Case No.: 3:15-cv-00162-VC

## NOTICE OF MOTION AND MOTION FOR SANCTIONS

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on September 22, 2016, at 10:00 a.m. or as soon thereafter as the matter may be heard, in the courtroom of the Honorable Vince Chhabria, located at the United States District Court, 450 Golden Gate Avenue, Courtroom 4 - 17th Floor, San Francisco, California 94102, Defendant Ira Akselrad, Esq. ("Mr. Akselrad"), by and through his attorneys of record, will and hereby does move the Court for an order dismissing plaintiff Larry Austin's ("Plaintiff") complaint pursuant to Rule 12(b)(2) and (6) of the Federal Rules of Civil Procedure.

This Motion will be and is based on this Notice, the following Statement of Issues to be Decided and Memorandum of Points and Authorities, the accompanying Declaration of Jonathan L. Swichar, Esq. and the exhibits attached thereto, all of the pleadings and papers on file in this action, all matters on which the Court may take judicial notice and such other matters as may be presented to the Court at or before the hearing on this Motion.

## STATEMENT OF ISSUES TO BE DECIDED

1.      Whether collateral estoppel precludes Plaintiff from re-litigating the same issues that were fully briefed, litigated, and decided on the merits in two prior proceedings by two separate courts.

2.      Whether res judicata prohibits Plaintiff from re-litigating identical claims, that are based on the "same transactional nucleus of facts" as two prior actions brought by Plaintiff against Defendants that were fully litigated and dismissed on the merits.

3.      Whether Plaintiff's failure to plead that Mr. Akselrad, a non-resident, has any contacts with California, warrants dismissal of all claims against Mr. Akselrad for lack of personal jurisdiction.

4.      Whether Plaintiff's claims are time-barred.

5.      Whether Plaintiff's failure to allege a pattern of racketeering activity or existence of an "enterprise" among the Defendants warrants dismissal of his untimely RICO claims.

6.      Whether Plaintiff's fraud claims, which are based on the same allegations as his malpractice claims, are duplicative and therefore should be dismissed.

7.      Whether Plaintiff's unparticularized and conclusory allegations of fraud fail to provide the specificity required by law.

8.      Whether Plaintiff's failure to allege the existence of an agreement between himself and Mr. Akselrad warrants dismissal of his breach of warranty claim.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.      PRELIMINARY STATEMENT

Plaintiff Larry J. Austin's First Amended Complaint is the <u>eleventh</u> pleading he has filed in three different states asserting nearly identical claims against the same defendants relating to the same tax advice he received approximately <u>fourteen (14) years ago</u>.  Courts in New York and Virginia have each determined that Plaintiff's claims <u>accrued no later than 2008</u> and, therefore, are time-barred.  Plaintiff, a Harvard Law School graduate, is surely aware that the doctrines of collateral estoppel and res judicata do not allow him to reassert these time-barred claims nor does any judicial courtesy allow him to do so.  Plaintiff's First Amended Complaint must be dismissed.

There are additional reasons to dismiss the First Amended Complaint:  1)  this Court lacks personal jurisdiction as to Defendant Ira Akselrad ("Mr. Akselrad"); 2)  Plaintiff's claims of fraud, legal malpractice, constructive trust, civil conspiracy, violation of California consumer protection laws, breach of warranty, and civil RICO are all untimely; and 3)  Plaintiff has failed to state valid claims of RICO, fraud and breach of warranty.

### II.      PERTINENT PROCEDURAL HISTORY

In March 2014, approximately twelve (12) years after having retained Proskauer, Austin filed an action in the New York State Court for New York County (Manhattan) as Index No. 650817-2014 alleging claims against Taylor, LeBoeuf, and Proskauer for breach of contract, legal malpractice, fraud, and civil conspiracy (the "New York Action", a copy of the corrected amended complaint is attached as Exhibit 1 to the Declaration of Jonathan Swichar, dated June 6, 2016 ("Swichar Declaration")).  Other plaintiffs in the New York Action included Plaintiff's business partner, Roy E. Hahn, Chenery Associates Incorporated ("Chenery"), and Sussex Financial Enterprises, Inc., f/k/a Chenery Management, Incorporated.  *Id.*  The defendants in the New York Action filed motions to dismiss primarily on statute of limitations grounds.

2

1   During the pendency of the motions to dismiss in the New York Action, Plaintiff filed this

2   action and a nearly identical action in the Eastern District of Virginia (the "Virginia Action").

3   Plaintiff has repeatedly admitted that both of these actions were substantially similar and were

4   simply filed as a hedge in the event the New York Action was dismissed.[1]

5   On August 3, 2015, the court in the New York Action issued an Order and Opinion

6   dismissing Plaintiff's Complaint on the grounds that because New York law applied to the claims

7   they were barred by the statute of limitations.  The New York court held as follows:

> **Plaintiffs' duty to inquire arose as early as October 2003, and certainly no later than December 2008**.  By October 2003, plaintiffs had to have known that issues regarding the tax advice rendered by LeBoeuf, Sidley, and Proskauer with regard to the NPL Program had been raised by the IRS.  On October 21, 2003, the IRS conducted a Promoter Penalty Interview with Hahn, as part of an IRS investigation into the tax strategy employed in the NPL Program.  On September 18, 2008, the IRS interviewed Hahn a second time, as part of that investigation.
>
> In addition, between 2003 and 2010, plaintiffs were sued in four separate actions by investors in the NPL Program.  Further, on December 30, 2008, the IRS advised Hahn and Austin that it would impose tax penalties of approximately $1 million against each of them in connection with the Peking transaction, which was part of the NPL Program.

Swichar Declaration Ex. 2, New York Order, p.10-11 (emphasis added).  The New York court also

denied Plaintiff's cross-motion to amend the complaint because Plaintiff's claims were untimely and

further amendment would be futile.  *Id.* p. 26.

Undeterred by the adverse ruling in New York, Plaintiff then attempted to maintain nearly

identical claims in the Virginia Action.  Plaintiff claimed that venue was appropriate in Virginia

because he resided there.  Plaintiff eventually filed a Third Amended Complaint in Virginia.  The

only substantive difference between the pleadings in the New York Action and the Third Amended

---

[1] *See* ECF No. 6 ("The Complaint here in the Northern District of California is substantially the same as the Complaint filed [in the Virginia Action].  Both cases were filed in order to protect and preserve Plaintiffs' claims for…Legal Malpractice and Fraud against the attorney Defendants."); *see also* ECF No. 11 ("if the New York State Court permits the case to go forward there…then the probability is high that we will voluntarily dismiss the case pending in this Court.  We have no desire for any duplicative litigation.").

3

Virginia Complaint was that Plaintiff alleged a RICO claim against Defendants in Virginia.  Plaintiff alleged that the RICO claim gave rise to federal question jurisdiction.

The Third Virginia Complaint was dismissed on November 13, 2015.  The Virginia court, like the New York court, held that Plaintiff's claims are time-barred because he must have known about the alleged fraud by no later than 2005:

> **An objectively reasonable person would have been sufficiently suspicious of the possibility of fraud, at least, by 2005**, when the case in the Southern District of New York commenced.  That case not only involved fraud allegations in connection with the very same tax shelter investment.  It also involved some of the same defendants that are named here, as well as plaintiff Austin's business partner.  (Swichar Declaration Ex. 3, p. 40, l. 18-p. 41, l. 2) (emphasis added).

With both the New York and Virginia Actions dismissed, Plaintiff then decided to attempt an impermissible third bite of the apple.  On December 14, 2015, he filed his First Amended Complaint in this action.  A side-by-side comparison of the First Amended Complaint in this action and the Third Amended Complaint in the Virginia Action reveals that they are identical in all relevant respects.  Copies of the pleadings are attached as Exhibit 4 to the Swichar Declaration.  The allegations that are identical are highlighted to demonstrate the substantial similarity between the pleadings.

## III.   PERTINENT FACTUAL BACKGROUND

Between 1999 and 2005, Plaintiff alleges that Defendants Graham Taylor, Dewey LeBoeuf, Proskauer Rose LLP, R.J. Ruble and Sidley Austin Brown & Wood LLC and Mr. Akselrad (collectively "Defendants") provided advice to Plaintiff about the tax consequences of certain transactions involving the purchase and sale of distressed Asian debt.  Plaintiff's First Amended Complaint ("FAC"), ¶ 226.  Beginning in or about November and December 2001 and through and beyond December 2002, Defendants provided opinion letters supporting the legitimacy of the tax benefits of the proposed transactions.  *Id.*, ¶ 177.  Defendants Ruble and Sidley allegedly referred Plaintiff to Akselrad, a tax partner at Proskauer in November 2001.  Mr. Akselrad, along with other attorneys at Proskauer, allegedly reviewed the work product of Ruble and Taylor.  Proskauer then

DEFENDANT IRA AKSELRAD'S MOTION TO DISMISS                    Case No.: 3:15-cv-00162-VC

rendered a supportive tax opinion letter concerning the same distressed Asian assets and swaps transactions by a number of Asian limited liability companies. *Id.*, ¶¶ 185, 198.

The First Amended Complaint contains 271 allegations. Of those, only 20 refer to Mr. Akselrad. They are nearly word for word the allegations against Mr. Akselrad in the Third Amended Complaint in Virginia. *See* Swichar Declaration Ex. 4 (compare allegations ¶¶ 31, 43, 85, 86, 89, 92, 122, 185, 198, 199, 207, 226 of the FAC to ¶¶ 10, 20, 104, 105-113, 116, 116.2, 136, 67, 80, 81, 88, 45 of the Third Amended Complaint in the Virginia Action). Not one allegation ties Mr. Akselrad to California, identifies a contractual relationship between Mr. Akselrad and Plaintiff or alleges that Mr. Akselrad was acting outside the scope of his employment at Proskauer, during the relevant period.

Between 2003 and 2010, Plaintiff was sued in four separate actions by investors involved in the transactions that were the subject of the legal advice he had received. On October 21, 2003, the IRS interviewed Plaintiff's partner, Roy E. Hahn, as part of an IRS investigation into the transactions. Hahn was interviewed a second time in September 2008. *See* Swichar Declaration Ex. 2, New York Order, p. 6. On December 30, 2008, the IRS advised that it would impose tax penalties of approximately $1 million against both Plaintiff and Hahn in connection with the transactions. *Id.* On January 19, 2012, the IRS assessed $7,719,594 in penalties against various parties, including Plaintiff, for failure to register the transaction as a tax shelter. *Id.*

## IV.    LEGAL ARGUMENT[2]

### A.    Collateral Estoppel Requires the Dismissal of Plaintiff's Untimely Claims

Collateral estoppel bars Plaintiff's claims, as two prior courts have held that Plaintiff's claims are time-barred. In the New York Action, the court held that Plaintiff's duty to inquire arose as early as 2003 but no later than 2008. The court in the Virginia Action held that Plaintiff's duty to inquire arose no later than 2005. These rulings preclude Plaintiff from now arguing that his claims accrued any later than 2008. "Collateral estoppel precludes re-litigation of issues argued and decided in prior proceedings.'" *Pacific Lumber Co. v. State Water Resources Control Bd.*, 37 Cal.

---

[2] Mr. Akselrad incorporates herein all of co-defendants' arguments supporting the dismissal of Plaintiff's Complaint.

DEFENDANT IRA AKSELRAD'S MOTION TO DISMISS                    Case No.: 3:15-cv-00162-VC

4th 921, 943, 38 Cal. Rptr. 3d 220, 237, 126 P.3d 1040, 1054 (2006), *quoting Lucido v. Superior Court*, 51 Cal. 3d 335, 341, 272 Cal. Rptr. 767, 769, 795 P.2d 1223, 1225 (1990).

In order for collateral estoppel to apply, five requirements must be met: (1) the issue sought to be precluded from re-litigation must be identical to that decided in a former proceeding; (2) the issue must have been actually litigated in the former proceeding; (3) the issue must have been necessarily decided in the former proceeding; (4) the decision in the former proceeding must be final and on the merits; and (5) the party against whom preclusion is sought must be the same as, or in privity with, the party to the former proceeding. *Pacific Lumber*, 37 Cal. 4th at 943-44, 38 Cal. Rptr. at 237, 126 P.3d at 1054; *Lucido*, 51 Cal. 3d at 341, 272 Cal. Rptr. at 769, 795 P.2d at 1225.

1.   The Issues Here Are Identical To Those
     Previously Litigated In The New York And Virginia Actions

The first requirement, "identical issue," "addresses whether 'identical factual allegations' are at stake in the two proceedings, not whether the ultimate issues or dispositions are the same." *Lucido*, 51 Cal. 3d at 342, 272 Cal. Rptr. at 770, 795 P.2d at 1225-26; *Castillo v. City of Los Angeles*, 92 Cal. App. 4th 477, 481, 111 Cal. Rptr. 2d 870, 875 (2001). As explained above, the factual allegations underlying Plaintiff's claims here and in the New York and Virginia Actions are identical in all material respects.

2.   The Accrual Date of Plaintiff's Claims Was
     Already Litigated In The New York and Virginia Actions

As for the second requirement, an issue is "actually litigated when it is properly raised, by the pleadings or otherwise, and is submitted for determination, and is determined." *People v. Sims*, 32 Cal. 3d 468, 484, 186 Cal. Rptr. 77, 87, 651 P.2d 321, 331 (1982) (internal quotations and citation omitted); *Castillo*, 92 Cal. App. 4th at 482, 111 Cal. Rptr. 2d at 875. An "issue" includes "any legal theory or factual matter which could have been asserted in support of or in opposition to the issue which was litigated." *Border Business Park, Inc. v. City of San Diego*, 142 Cal. App. 4th 1538, 1566, 49 Cal. Rptr. 3d 259, 281 (2006). This means that "collateral estoppel [applies to] issues which were raised, even though some factual matters or legal arguments which could have been

DEFENDANT IRA AKSELRAD'S MOTION TO DISMISS                    Case No.: 3:15-cv-00162-VC

presented were not." *Id.* (emphasis omitted).  In the present case, the accrual date of Plaintiff's claims was fully briefed and argued in the New York and Virginia Actions.

### 3.   The Accrual Date of Plaintiff's Claims Was Decided In The New York and Virginia Actions

The third requirement, that an issue was "necessarily decided," has been interpreted to mean that the issue was not "entirely unnecessary" to the judgment in the prior proceeding.  *Lucido*, 51 Cal. 3d at 342, 272 Cal. Rptr. at 770, 795 P.2d at 1226; *Castillo*, 92 Cal. App. 4th at 482, 111 Cal. Rptr. at 876.  In the New York and Virginia Actions, the date Plaintiff's duty to inquire arose was necessary to the Courts' decisions to dismiss Plaintiff's claims as untimely.

### 4.   The Decisions In The New York and Virginia Actions Were Final And On The Merits

The "final judgment" requirement "includes any prior adjudication of an issue in another action that is determined to be sufficiently firm to be accorded conclusive effect."  *Border*, 142 Cal. App. 4th at 1564, 49 Cal. Rptr. 3d at 280 (internal quotations and citation omitted); *McClain v. Rush*, 216 Cal. App. 3d 18, 28, 264 Cal. Rptr. 563, 567 (1989).  "A prior adjudication of an issue in another action may be deemed 'sufficiently firm' to be accorded preclusive effect based on the following factors: (1) whether the decision was not avowedly tentative; (2) whether the parties were fully heard; (3) whether the court supported its decision with a reasoned opinion; and (4) whether the decision was subject to an appeal."  *Border*, 142 Cal. App. 4th at 1565, 49 Cal. Rptr. 3d at 280; *Sandoval v. Superior Court*, 140 Cal. App. 3d 932, 936, 190 Cal. Rptr. 29, 31-32 (1983).  Furthermore, a decision is "on the merits" when the substance of the issue is tried and determined.  *See Burdette v. Carrier Corp.*, 158 Cal. App. 4th 1668, 1682, 1689, 71 Cal. Rptr. 3d 185, 196, 201 (2008).

As stated above, the parties fully briefed and argued the issue of when Plaintiff's duty to inquire arose in both the New York and Virginia Actions.  Those Courts held that Plaintiff's claims were untimely because they accrued no later than 2008.

5.      Austin Was A Plaintiff In The New York and Virginia Actions

The fifth requirement of identity of parties or privity "is a requirement of due process of law." *Mooney v. Caspari*, 138 Cal. App. 4th 704, 718, 41 Cal. Rptr. 3d 728, 739 (2006) (internal quotations and citations omitted).  Here, this requirement is clearly satisfied because Austin was a plaintiff in both the New York and Virginia Actions and is the only plaintiff in the present action.

6.      Dismissal of this Action Is Consistent With Public Policy Interests

The public policy underlying collateral estoppel is to promote judicial economy by minimizing repetitive litigation, to prevent inconsistent judgments which undermine the integrity of the judicial system, and to protect against vexatious litigation.  *Lucido*, 51 Cal. 3d at 343, 272 Cal. Rptr. at 770-71, 795 P.2d at 1226-27; *California Physicians' Service v. Aoki Diabetes Research Institute*, 163 Cal. App. 4th 1506, 1519, 78 Cal. Rptr. 3d 646, 656 (2008).  Estopping Plaintiff from relitigating issues already decided in prior actions in New York and Virginia is entirely consistent with the public's interest in promoting judicial economy by minimizing repetitive and, in this instance, vexatious litigation.

**B.      Res Judicata Prohibits Plaintiff From Litigating Claims
That Were Previously Litigated In the New York And Virginia Actions**

Res judicata prohibits Plaintiff from pursuing claims for fraud, malpractice, constructive trust, civil conspiracy and breach of warranty because they were dismissed on the merits in the New York and Virginia Actions. "'Res judicata is applicable whenever there is (1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties.'" *Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1077 (9th Cir. 2003) (quoting *Stratosphere Litig. L.L.C. v. Grand Casinos, Inc.*, 298 F.3d 1137, 1142 n.3 (9th Cir. 2002)).

1.      This Action Involves The Same Issues That
Were Previously Litigated in New York and Virginia

As to the first element, courts have held that "[i]dentity of claims exists when two suits arise from the same transactional nucleus of facts." *Tahoe-Sierra Pres. Council*, 322 F.3d at 1078 (internal quotations omitted).  Additionally, courts have held that even "[n]ewly articulated claims" that were not, but "could have been brought in the earlier action" may still be subject to res judicata.

8

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*Id.*  The first element is clearly satisfied here as the New York and Virginia Actions involve the very same tax advice Plaintiff alleges to have received approximately 14 years ago.  He now seeks to assert identical claims that were litigated in those prior actions.

2.      The New York and Virginia Actions<br><u>Resulted In Final Judgments On the Merits</u>

As noted, both the New York and the Virginia Actions were dismissed as untimely.  The United States Supreme Court has unequivocally stated that dismissal on statute of limitations grounds is deemed a judgment on the merits.  *Plaut v. Spendthrift Farm, Inc.*, 514 U.S. 211, 228 (1995) ("The rules of finality, both statutory and judge made, treat a dismissal on statute-of-limitations grounds the same way they treat a dismissal for failure to state a claim, for failure to prove substantive liability, or for failure to prosecute:  as a judgment on the merits.").

3.      <u>There Is Privity Between Akselrad and the Parties</u>

The final element of privity is also satisfied.  Privity "is a flexible concept dependent on the particular relationship between the parties in each individual set of cases."  *Tahoe-Sierra Pres. Council*, 322 F.3d at 1081-82.  Courts have defined "privity" for purposes of res judicata as "a legal conclusion designating a person so identified in interest with a party to former litigation that he represents precisely the same right in respect to the subject matter involved."  *U.S. v. Schimmels (In re Schimmels)*, 127 F.3d 875, 881 (9th Cir. 1997) (internal quotations omitted); *see also Shaw v. Hahn*, 56 F.3d 1128, 1131 (9th Cir. 1995) ("When two parties are so closely aligned in interest that one is the virtual representative of the other, a claim by or against one will serve to bar the same claim by or against the other.") (internal quotations omitted); *Amedee v. CitiMortgage, Inc.*, No. 15-cv-03356-HSG, 2016 U.S. Dist. LEXIS 35548, at *12 (N.D. Cal. Mar. 18, 2016) ("[F]or purposes of res judicata, privity exists not only where the parties are identical, but also where there is 'substantial commonality of interest' between them.").

Mr. Akselrad was a defendant in the Virginia Action.  The Virginia Court's decision to dismiss the RICO claim precludes Plaintiff from pursuing the very same claim in California.  While he was not a party in the New York Action, Mr. Akselrad was a partner at Proskauer during the

9

1  relevant period.  He was alleged to have participated in his firm's tax opinion.  There was certainly a

2  commonality of interest between Proskauer and Mr. Akselrad in the New York Action.

### C.    Mr. Akselrad Should Be Dismissed From This Action Because This Court Lacks Personal Jurisdiction Over Him

5       Plaintiff correctly alleges that Mr. Akselrad is a resident of New York.  FAC ¶ 31.  Personal

6  jurisdiction over a nonresident defendant, like Mr. Akselrad, is proper only when the state's long-

7  arm statute permits it, and where the exercise of personal jurisdiction does not violate federal due

8  process.  *Fireman's Fund Ins. Co. v. Nat'l Bank of Cooperatives*, 103 F.3d 888, 893 (9th Cir. 1996).

9  California's long-arm jurisdictional statute is coextensive with federal due process requirements;

10 accordingly, "the jurisdictional analyses under state law and federal due process are the same."

11 *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800-01 (9th Cir. 2004).  To satisfy due

12 process, a defendant must have sufficient "minimum contacts" with the forum state so that

13 "maintenance of the suit does not offend traditional notions of fair play and substantial justice."  *Int'l*

14 *Shoe Co. v. State of Washington, Office of Unemployment Comp. & Placement*, 326 U.S. 310, 316

15 (1945) (internal quotations omitted).  The two recognized bases for exercising personal jurisdiction

16 over a nonresident defendant are "general jurisdiction" and "specific jurisdiction."  *Doe v. Am. Nat'l*

17 *Red Cross*, 112 F.3d 1048, 1050 (9th Cir. 1997).  Both concepts are predicated on the notion that the

18 defendant had some type of contact with the jurisdiction.[3]

19      Plaintiff fails to allege that Mr. Akselrad had any contact whatsoever with California.  **There**

20 **are only two paragraphs in Plaintiff's two hundred seventy-one (271) paragraph First**

---

[3] General jurisdiction over a nonresident defendant exists when the defendant engages in "continuous and systematic general business contacts" that "approximate physical presence in the forum state."  *Schwarzenegger*, 374 F.3d at 801 (internal quotations omitted).  Specific jurisdiction exists over a non-resident defendant if three prongs are satisfied: "'(1) [t]he non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.'"  *Schwarzenegger*, 374 F.3d at 802, *quoting Lake v. Lake*, 817 F.2d 1416, 1421 (9th Cir. 1987).  The plaintiff has the burden of proving the first two prongs.  *Id.*  If plaintiff does so, the defendant must demonstrate that the court's exercise of personal jurisdiction would be unreasonable.  *Id.*

DEFENDANT IRA AKSELRAD'S MOTION TO DISMISS                    Case No.: 3:15-cv-00162-VC

**Amended Complaint that pertain to Mr. Akselrad's jurisdictional contacts**. At paragraph 31 of the First Amended Complaint, Plaintiff alleges:

> [Mr. Akselrad] was a partner with PROSKAUER, and upon information and belief, is a resident of <u>New York</u> and at the times complained of herein offered legal services from offices in <u>New York, New York</u>. Akselrad has done business in <u>Virginia</u> by delivering legal opinions and other work product to Austin in <u>Virginia</u>, sending invoicing to Austin's <u>Virginia</u> office for substantial services rendered in connection with its operations in <u>Virginia</u>, and a regular course of communications with his clients in <u>Virginia</u>.

(Emphasis added). At paragraph 226(a), Plaintiff alleges that he "received in <u>Virginia</u> various correspondence and legal opinions from Proskauer and Akselrad." (Emphasis added). Therefore, at best, Plaintiff's allegations establish contacts with New York and, arguably, Virginia, not California. Therefore, this Court lacks general jurisdiction over Mr. Akselrad.

### D. <u>All Causes of Action Deserve Dismissal</u>

Plaintiff's claims against Mr. Akselrad for civil RICO, fraud, legal malpractice, constructive trust, civil conspiracy, violation of California Consumer Protection Act, and breach of warranty also must be dismissed because: (i) the claims are time-barred; (ii) Plaintiff fails to adequately state a civil RICO claim, (iii) Plaintiff's fraud claim is duplicative of his legal malpractice claim and does not allege the requisite particularity, and (iv) he fails to allege the existence of any type of warranty to support a breach of warranty claim.

#### 1. <u>Plaintiff's Claims Are Untimely</u>

Plaintiff's RICO claim bears the longest statute of limitations at four years from the date of discovery.[4] *Grimmett v. Brown*, 75 F.3d 506, 510 (9th Cir. 1996). Plaintiff "'need not . . . have

---

[4] The statute of limitations for fraud is three years from the date when the plaintiff has information that would put a reasonable person on inquiry. *Kline v. Turner*, 87 Cal. App. 4th 1369, 1374, 105 Cal. Rptr. 2d 699, 702 (2001). The statute of limitations for legal malpractice is one year after actual or constructive discovery of the facts constituting the wrongful act or omission, or four years after the date of the wrongful act or omission, whichever occurs first. *Samuels v. Mix*, 22 Cal. 4th 1, 6-7, 91 Cal. Rptr. 2d 273, 276, 989 P.2d 701, 704 (1999). The statute of limitations for California's consumer-protection laws range between three to four years. *See* Cal. Civ. Code § 1783 (three years); Cal. Bus. & Prof. Code § 17208 (four years); Cal. Bus. & Prof. Code § 17500 (three years via Cal. Civ. Proc. Code § 338). The statute of limitations for a breach of warranty claim is four years from the date the breach occurs. *Cardinal Health 301, Inc. v. Tyco Electronics Corp.*, 169 Cal. App. 4th 116, 129, 87 Cal. Rptr. 3d 5, 15-16 (2008). Claims for civil conspiracy and constructive trust have the same statute of limitations as the underlying tort. *See Davies v. Krasna*, 14 Cal. 3d 502,

---

11

fully discovered the nature and extent of the fraud before [they were] on notice that something may have been amiss.  Inquiry notice is triggered by evidence of the possibility of fraud, not full exposition of the scam itself.'" *In re Infonet Servs. Corp. Secs. Litig.*, 310 F. Supp. 2d 1106, 1119 (C.D. Cal. 2003), *quoting Sterlin v. Biomune Sys.*, 154 F.3d 1191, 1203 (10th Cir. 1998).

Here, the First Amended Complaint pleads that Proskauer issued an opinion letter in December 2002.  FAC ¶ 199.  There are no other allegations of any conduct by Mr. Akselrad after December 2002.  More importantly, it cannot be disputed that Plaintiffs knew or should have known of their injury as early as 2003 and no later than 2008.  Plaintiff alleged in both his original and amended complaints in the New York Action, as well as the Second Amended Complaint in the Virginia Action, that between 2003 and 2010 he was sued in at least four separate actions by investors in the NPL program.  *See* Swichar Declaration Ex. 1 (New York Action Corrected Amended Complaint, ¶123) and Ex. 5 (New York Action Complaint, ¶125, and Virginia Action Second Amended Complaint, ¶205).

2.      Plaintiff's RICO Claim Is Legally Insufficient Because It Fails To
        Allege A Pattern of Racketeering Activity Or The Existence of An Enterprise

Section 1962(c) of RICO states that:  "It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt."  18 U.S.C. § 1962(c).  For a plaintiff to state a claim under § 1962(c), he or she must allege "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity."  *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496 (1985); *Walter v. Drayson*, 538 F.3d 1244, 1247 (9th Cir. 2008).  "RICO is to be read broadly" and "liberally construed to effectuate its remedial purposes."  *Sedima*, 473 U.S. at 497-98 (internal quotations omitted); *Odom v. Microsoft Corp.*, 486 F.3d 541, 547 (9th Cir. 2007).  Plaintiff's RICO

---

515-16, 121 Cal. Rptr. 705, 714, 535 P.2d 1161, 1170 (1975) (constructive trust claim is subject to the limitation period of the underlying substantive right so that if that right is barred by the statute of limitations, the remedy fails); *Keating-Traynor v. AC Square, Inc.*, C08-02907-MHP, 2008 U.S. Dist. LEXIS 64687 (N.D. Cal. Aug. 22, 2008) (the applicable statute of limitations for a civil conspiracy claim is the statute of limitations for the underlying claim), *aff'd*, 343 F. App'x 214 (9th Cir. 2009).

DEFENDANT IRA AKSELRAD'S MOTION TO DISMISS                    Case No.: 3:15-cv-00162-VC

1    claim is legally insufficient because it fails to allege a pattern of racketeering activity or the

2    existence of an enterprise.

3          A "pattern" of racketeering activity requires at least two predicate acts.  18 U.S.C. §§

4    1961(5), 1962(c).  While two predicate acts are necessary to state a claim, they may not be

5    sufficient; a plaintiff must "show that the racketeering predicates are related, and that they amount to

6    or pose a threat of continued criminal activity." *H.J. Inc. v. Northwestern Bell Tel. Co.*, 492 U.S.

7    229, 239 (1989).  Although the Ninth Circuit has rejected a bright line, one-year rule for establishing

8    continuity, *Allwaste, Inc. v. Hecht*, 65 F.3d 1523, 1528 (9th Cir. 1995), courts have rarely if ever

9    found activity lasting less than a year sufficient.  *See Religious Tech. Ctr. v. Wollerschein*, 971 F.2d

10   364, 366-67 (9th Cir. 1992) ("We have found no case in which a court has held the requirement to be

11   satisfied by a pattern of activity lasting less than a year.").  Here, Plaintiff's RICO claim against Mr.

12   Akselrad pleads what is little more than a single transaction that lasted less than a year.  FAC ¶ 207.

13         A RICO "enterprise" is defined to include "any individual, partnership, corporation,

14   association, or other legal entity, and any union or group of individuals associated in fact although

15   not a legal entity."  18 U.S.C. § 1961(4).  An associated-in-fact enterprise must have "three

16   structural features: a purpose, relationships among those associated with the enterprise, and

17   longevity sufficient to permit these associates to pursue the enterprise's purpose."  *Boyle v. U.S.*, 556

18   U.S. 938, 946 (2009); *Negrete v. Allianz Life Ins. Co. of North Am.*, 926 F. Supp. 2d 1143, 1148

19   (C.D. Cal. 2013) (same).  "[C]onclusory statements" such as the "'association of Defendants . . . was

20   an 'enterprise' as that term is defined [by RICO]'" is insufficient to allege a RICO enterprise.

21   *Westfield-Thornton v. Ramprate, Inc.*, CV 14-4769 PA, 2014 U.S. Dist. LEXIS 115778, at *6 (C.D.

22   Cal. Aug. 18, 2014) (quoting complaint therein).  Here, Plaintiff offers nothing more than

23   conclusory, boiler-plate, non-factual allegations regarding a so-called enterprise.  *See FAC* ¶¶ 218

24   through 221.  Merely pleading that the enterprise had an ascertainable structure and purpose beyond

25   the predicate acts and conspiracy does not make it so.  *Id.* ¶ 218.  No facts are pled showing any

26   structure beyond the alleged commission of the predicate acts.

27

28

13

3.    Plaintiff's Fraud Claim Is Duplicative of His
Malpractice Claim and Is Not Alleged With Requisite Particularity

An injury suffered by reason of a defendant's conduct gives rise to a single cause of action, regardless of how many theories are pled by the complaint. *Slater v. Blackwood*, 15 Cal. 3d 791, 795, 126 Cal. Rptr. 225, 226-27, 543 P.2d 593, 594-95 (1975). Where the injury is suffered by reason of an attorney's professional negligence, the gravamen of the claim is legal malpractice, regardless of whether it is pled in tort or contract. *See Jackson v. Rogers & Wells*, 210 Cal. App. 3d 336, 346, 349, 258 Cal. Rptr. 454, 460, 462 (1989) (fraud and breach of contract theories, where alleged misfeasance were acts requiring professional "judgment calls," treated as malpractice claim for assignability purposes); *see also Southland Mech. Constructors Corp. v. Nixen*, 119 Cal. App. 3d 417, 428-29, 173 Cal. Rptr. 917, 922-23 (1981) (statute of limitation governing malpractice claims applied to complaint whether pled as breach of contract or tort claim). Here, Plaintiffs fraud claim alleges that the Defendants "represented to Austin that they were in all respects licensed and otherwise qualified to render legal advice that Austin sought and paid for" but, ultimately, "gave legal advice to Austin they were not qualified to give." FAC ¶¶ 51, 53. This is nothing more than a restatement of Plaintiff's legal malpractice claim.

Plaintiff has also failed to allege his fraud claim with the required specificity. In California, a plaintiff alleging a claim for fraud must establish: (1) misrepresentation, (2) knowledge of falsity, (3) intent to induce reliance on the misrepresentation, (4) justifiable reliance on the misrepresentation, and (5) resulting damages. *Lazar v. Superior Court*, 12 Cal. 4th 631, 638, 49 Cal. Rptr. 2d 377, 381, 909 P.2d 981, 984 (1996). Fraud allegations must be alleged with specificity. *See* Fed. R. Civ. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."); *see also Hills Trans. Co. v. Southwest Forest Indus., Inc.*, 266 Cal. App. 2d 702, 707, 72 Cal. Rptr. 441, 444 (1968). General and conclusory allegations are insufficient. *Lazar*, 12 Cal. 4th at 645, 49 Cal. Rptr. 2d at 385, 909 P.2d at 989. The particularity requirement demands that a plaintiff plead facts which "show how, when, where, to whom, and by what means the representations were tendered." Plaintiff fails to satisfy the particularity requirement here. Mr. Akselrad is barely mentioned in a few paragraphs and Plaintiff

14

1  does not identify any specific misrepresentation of material fact made by Mr. Akselrad, nor the time

2  and place of any such alleged misrepresentations.

3          **4.**      <u>Plaintiff Fails to Allege A Valid Breach of Warranty Claim</u>

4         Plaintiff alleges that "Defendants have breached the implied warranty of suitability and

5  Defendants' obligation of good faith under their contracts with Austin and Chenery under California

6  law, under New York law and Virginia law." FAC ¶ 148.  To plead a claim for breach of express

7  warranty, a plaintiff must allege the exact terms of the warranty, reasonable reliance, and that a

8  breach of the warranty proximately caused his injury.  *See Williams v. Beechnut Nutrition Corp.*, 185

9  Cal. App. 3d 135, 142, 229 Cal. Rptr. 605, 608-09 (1986).

10         Here, Plaintiff wholly fails to plead the most basic elements necessary to support a breach of

11  warranty claim – the existence of a valid written contract between Plaintiff and Mr. Akselrad in an

12  individual capacity and the exact terms of the alleged warranty.  Absent an underlying agreement

13  between Plaintiff and Mr. Akselrad, individually, as opposed to an agreement with Mr. Akselrad's

14  employer, Proskauer, Plaintiff cannot allege that Mr. Akselrad breached any warranty.

15  **V.**      **CONCLUSION**

16         For all the foregoing reasons, Mr. Akselrad respectfully requests that the Court dismiss

17  Plaintiffs' First Amended Complaint against him in its entirety, with prejudice.

18  Dated:  June 6, 2016

19                                  DUANE MORRIS LLP

20                                  */s/ Brian A. Kelly*

21                                  Brian A. Kelly (#17003)
                                Michael Mustokoff (*pro hac vice*)

22                                  Jonathan L. Swichar (*pro hac vice*)
                                Evangelos Michailidis (*pro hac vice*)

23                                  Spear Tower
                                One Market Plaza, Suite 2200

24                                  San Francisco, CA 94105
                                Telephone: 415.957.3000

25                                  Facsimile: 415.957.3001

26                                  Email: bakelly@duanemorris.com
                                        jlswichar@duanemorris.com

27                                          emichailidis@duanemorris.com

28

1

## <u>CERTIFICATE OF SERVICE</u>

2

3       I certify that today I caused a true and correct copy of the foregoing Defendant Ira Akselrad's

4  Motion to Dismiss Plaintiffs' First Amended Complaint, to be served via electronic filing, via e-mail

5  and first-class mail upon the following:

6                                      **Larry Austin**
                                    7700 Leesburg Pike, Suite 414
7                                      Falls Church, VA 22043
                                   Email: starnomad@gmail.com
8

9                                          /s/ Brian A. Kelly
                                          Brian A. Kelly
10  Dated:  June 6, 2016

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT IRA AKSELRAD'S MOTION TO DISMISS                    Case No.: 3:15-cv-00162-VC